IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY,

    Plaintiff,

v.                                                                              Civil Action No. 5:19-cv-176 FPS

MONITRONICS INTERNATIONAL, INC.
d/b/a BRINKS HOME SECURITY; and
HOME SECURITY USA, LLC D/B/A
COLORADO'S HOME SECUIRTY USA,

    Defendants.

## REPORT ON PARTIES' PLANNING MEETING

**1.**     **INITIAL PLANNING MEETING.**

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's September 4, 2019 Order Vacating First Order And Notice And Second Order And Notice Regarding Discovery And Scheduling (Doc. 20) ("Amended First Order"), the remaining parties have met and jointly submit the following Report.

**2.**     **PRE-DISCOVERY DISCLOSURES.**

Subject to the proposed Discovery Plan set forth below, the parties propose keeping the October 15, 2019 Deadline set by the Amended First Order for making Rule 26(a)(1) Disclosures.

**3.**     **DISCOVERY PLAN**

<u>Plaintiff proposes to the Court the following discovery plan:</u>

Plaintiff proposes a standard discovery plan entitling each party to discovery regarding all nonprivileged matters relevant to the parties' claims and defenses. *See* Fed. R. Civ. P. 26. This

case does not present any special circumstances warranting piecemeal discovery. Should discovery reveal dispositive grounds, Defendant may move for summary judgment at any time.

Plaintiff proposes the following deadlines:

| | |
|---|---|
| <u>Motion for Class Certification</u>: | January 24, 2020 |
| <u>Expert Deadlines</u>: | |
| Pl.'s Rule 26(a)(2) Disclosures | February 24, 2020 |
| Def.'s Rule 26(a)(2) Disclosures | March 24, 2020 |
| Rebuttal Experts | April 10, 2020 |
| <u>Discovery Deadline</u>: | April 24, 2020 |
| <u>Trial Requested</u>: | September 2020 |

<u>Defendant proposes to the Court the following Discovery Plan.</u>

In her Complaint, Plaintiff alleged that former Defendant, Home Security USA, LLC, an authorized dealer located in Colorado for Brinks Home Security,[1] placed a telephone call on September 18, 2018 in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") containing vulgar language. (Doc. 1, Complaint, ¶ 26, 40). She claimed that Brinks Home Security was liable for the call she alleged was placed by Home Security USA, LLC. She did not claim that Brinks Home Security itself placed the call and instead asserted it was vicariously liable for the call she alleged had been placed by Home Security USA, LLC.

Home Security USA, LLC filed a motion to dismiss for lack of personal jurisdiction (Doc. 16), relying on the affidavit of its owner, Danny Toups (Doc. 16-2), who swore that his company (a) does not and did not engage in telemarketing; (b) had never engaged in the sales

---

[1] Monitronics International, Inc. has been doing business as Brinks Home Security, since early 2018, well before the call at issue in this matter allegedly occurred.

efforts outside of the State of Colorado; and (c) had never called any phone number in the State of West Virginia. That affidavit was executed on November 21, 2018 and provided to Plaintiff personally around that time. This suit was filed on May 15, 2019. Plaintiff did not respond to that motion, instead voluntarily dismissing her claims against Home Security USA, LLC, under Rule 41(a)(1). (Doc. 19). As a result, the only remaining Defendant is an entity which Plaintiff does not even allege placed the call at issue.

A. **Threshold Discovery Plan**

In order to address the threshold issues surrounding the placement of the call, Brinks Home Security proposes an initial 90-day period to conduct discovery related to information about the call at issue such as the number from which the September 18, 2018 call was placed, the holder of the telephone number from which the September 18, 2018 call was placed; the relationship, if any, between the holder of the telephone number and Brinks Home Security; the relationship, if any, between the holder of the telephone number from which the call was placed and the plaintiff; and any other matters reasonably related to the identity of the person or entity which placed the September 18, 2018 call. For this phase of discovery, Defendant proposes the following:

    a. Discovery related to threshold issues surrounding the placement of the September 18, 2018 call completed by February 15, 2020.

    b. Disclosures under Rule 26(a)(1) and Local Rule 26.01 related to the threshold issues made by October 15, 2019.

    c. Motions for leave to amend the complaint, for leave to add parties, or for leave to file a third-party complaint filed by December 1, 2019.

    d. Any other motions (including motions for summary disposition) based on the results of the threshold discovery filed by March 15, 2020, response briefs due by April 15, 2020, and reply briefs due May 5, 2020.

  e. If required after the Court rules on the post-threshold discovery motions, the Court convene a scheduling conference to consider an appropriate discovery plan for any remaining issues.

**B. Threshold Discovery Limitations**

Consistent with the Threshold Discovery Plan proposed above, Brinks proposes the following discovery limitations for the Threshold Discovery stage:

  a. Threshold Discovery commenced in time to be completed by <u>February 15, 2020.</u>

  b. Maximum of 40 interrogatories by each party to any party. Responses will be due 30 days after service.

  c. Maximum of 40 requests for admission by each party to any other party. Responses will be due 30 days after service. This limit would not apply, however, to requests for admission directed to authenticating documents.

  d. Maximum of 10 depositions by plaintiff and 10 depositions by defendant.

  e. Each deposition is limited to a maximum of 7 hours of testimony which is not to include breaks unless extended by agreement of the parties.

  f. Motions for leave to amend the complaint, for leave to add parties, or for leave to file a third-party complaint filed by <u>December 1, 2019</u>.

  g. Reports from retained experts under Rule 26(a)(2) related to Threshold Discovery Issues due: from Plaintiff by <u>December 1, 2019</u>, and from Defendant by <u>January 15, 2020</u>; and from rebuttal experts by <u>January 31, 2020.</u>

  h. All potential dispositive motions related to Threshold Discovery should be filed by <u>March 15, 2020.</u>

5. **HANDLING OF PRIVILEGED MATERIAL**

The parties have agreed to work towards the joint submission of a proposed protective order which would address, among other things, claims of privilege and/or protection as trial-preparation material asserted after production.

6. **HANDLING OF ELECTRONICALLY STORED INFORMATION**

Subject to the proviso in the Defendant's proposed discovery plan, the parties have agreed on the following method of handling disclosure or discovery of electronically stored information:

1. A list of the persons with relevant knowledge about the relevant computer systems or networks, the storage and retrieval of electronically-stored information, and the back-up, archiving, retention and routine destruction of electronically- stored information, together with pertinent contact information and a brief description of each person's responsibilities;

2. A list of the most likely custodians, other than the party, on relevant electronic data, together with pertinent contact information, a brief description of each custodian's responsibilities, and a description of the electronically-stored information in each custodian's possession, custody or control;

3. A list of each electronic system that may contain relevant electronically-stored information and each potentially relevant electronic system that was operating during the time periods relevant to the matters in dispute, together with a general description of each system;

4. An indication whether relevant electronically-stored information may be of limited accessibility or duration of existence (e.g., because they are stored on media, systems or formats no longer in use, because it is subject to destruction in the routine course of business, or because retrieval may be very costly);

5. A list of relevant electronically-stored information that has been stored off-site or off-system;

6. A description of any efforts undertaken, to date, to preserve relevant electronically-stored information, including any suspension of regular document destruction, removal of computer media with relevant information from its operational environment and placing it in secure storage for access during litigation, or the making of forensic image back-ups of such computer media;

7. That production be made either in paper or on CD-ROM;

8. Notice of any known problems reasonably anticipated to arise in connection with compliance with e-discovery requests, including any limitations on search efforts considered to be burdensome or oppressive or unreasonably expensive, the need for any shifting or allocation of costs, the identification of potentially relevant data that is likely to be destroyed or altered in the normal course of operations or pursuant to the party's document retention policy.

**7. OTHER ITEMS.**

a. This case is not appropriate for monitoring through one or more Case Management Conferences.

b. The parties do not consent to trial by a Magistrate Judge.

c. Although settlement may ultimately be enhanced by the use of Court-ordered mediation, discovery related to the threshold issues and the possible joinder of additional parties must be completed prior to any meaningful effort at mediation.

**DIANA MEY**

By Counsel:

/s/ Andrew C. Robey
Ryan M. Donovan (#11660)
Andrew C. Robey (#12806)
Hissam Forman Donovan Ritchie PLLC
P. O. Box 3983
Charleston, WV 25339
T:  681-265-3802
F: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

MONITRONICS INTERNATIONAL, INC., d/b/a
BRINKS HOME SECURITY

By Counsel:


/s/ Jeffrey A. Holmstrand
Jeffrey A. Holmstrand (#4893)
Jeffrey A. Grove (#6065)
GROVE HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia  26003
(304) 905-1961
jholmstrand@ghdlawfirm.com
jgrove@ghdlawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that on the 24th day of September, 2019, a true copy of the foregoing document was served upon all parties of record electronically via this Court's CM/ECF system.

/s/ Andrew C. Robey